Michael C. Hendershot (CA Bar 211830)
mhendershot@jonesday.com
Eamon M. Heaney (CA Bar 360323)
eheaney@jonesday.com
Matthew M. Everts (CA Bar 359377)
meverts@jonesday.com
JONES DAY
Silicon Valley Office
1755 Embarcadero Road
Palo Alto, California  94303
Telephone:     +1.650.739.3939
Facsimile:     +1.650.739.3900

Attorneys for Plaintiff Five9, Inc.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**(SAN FRANCISCO DIVISION)**

| | |
|---|---|
| FIVE9, INC., | |
| Plaintiff, | Case No. 3:26-cv-8048 |
| v. | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| ARLINGTON TECHNOLOGIES LLC, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff Five9, Inc. ("Five9") files this Complaint for Declaratory Judgment of Non-Infringement against Defendant Arlington Technologies LLC ("Arlington" or "Defendant"), and in support of its Complaint alleges as follows:

**NATURE OF THE ACTION**

1.      This action against Arlington for declaratory judgment of non-infringement of US Patent Nos. 7,711,101 (the "'101 Patent"), 9,715,492 (the "'492 Patent"), 9,432,517 (the "'517 Patent"), 8,379,819 (the "'819 Patent"), and 7,327,834 (the "'834 Patent") (collectively, "Patents-in-Suit") is pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and arises under the patent laws of the United States, Title 35 of the United States Code.

2.      Five9 seeks a declaration that it and its products do not infringe any claim of the Patents-in-Suit under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*  Five9 also seeks

any other remedy or relief that this Court deems just and proper.

3. On information and belief, Arlington is the sole and exclusive owner of all right, title, and interest in the Patents-in-Suit.

4. Arlington has asserted its patent portfolio, including several of the Patents-in-Suit, against other technology companies ("the Prior Defendants"). *Arlington Technologies LLC v. Lark Technologies Pte. Ltd.* 2:26-cv-00396 (E.D. Tex. 2026) (asserting the '819 and '517 Patents); *Arlington Technologies LLC v. RingCentral, Inc.* 1:25-cv-00613 (D. Del. 2025) (asserting the '517 Patent). These lawsuits against the Prior Defendants are collectively referred to herein as "the Prior Actions."

5. The Prior Actions over the Patents-in-Suit alleged infringement by Five9 devices, among others.  Arlington's enforcement activities—including lawsuits against the Prior Defendants in which Arlington asserts the Patents-in-Suit, lawsuits in which Arlington asserts its broader patent portfolio, and allegations of infringement and overt threat of litigation against Five9—place a cloud over Five9's products and services that create an immediate and real controversy regarding Five9's rights.

6. Arlington's recent contacts to Five9 maintaining its allegations that Five9 infringes the Patents-in-Suit and threatening litigation, notwithstanding Five9's explanations why it does not, continue to place a cloud over Five9's products so as to create an immediate and real controversy.

7. Five9 denies that any of its products or services infringe any claim of the Patents-in-Suit.  Five9 thus brings this action to resolve the parties' dispute and obtain a declaration of non-infringement to remove the uncertainty caused by Arlington's enforcement campaign.

## FACTUAL BACKGROUND

8. On August 18, 2025 Arlington directed communications to Five9 over licensing Arlington's patent portfolio. Arlington in particular engaged Five9 in efforts to license the five Patents-in-Suit. Arlington and Five9 maintained numerous communications throughout 2025 and 2026.

9. On September 9, 2025, Arlington directed communications to Five9 asserting that Five9 infringes on the five Patents-in-Suit. Following this communication, Five9 and Arlington

- 2 -

exchanged several emails and held numerous meetings to discuss Arlington's allegations of infringement during which Five9 explained why it was not liable for infringement of the Patents-in-Suit.

10.    On July 9, 2026, Arlington directed communications to Five9 reasserting its belief that Five9 infringes the Patents-in-Suit, and indicating that Arlington would soon pursue litigation against Five9, absent a license agreement for the Patents-in-Suit, noting it had settled two pending litigations and was ready to move Five9 into its "litigation queue." Specifically, Arlington stated:

As you may have seen, Arlington entered motions to stay pending settlement in both of its ongoing cases (*Arlington Technologies LLC* v. *RingCentral, Inc.* DDE-1-25-cv-00613 and *Arlington Technologies LLC* v. *Lark Technologies Pte. Ltd.* EDTX-2-26-cv-00396). In addition to those settlements, Arlington has also recently licensed several companies in the communications industry and is now in the process of reviewing ongoing discussions in light of these new licensees.

We need to make progress towards resolving this matter in order to keep Five9 out of the litigation queue. Have you had a chance to talk about next steps on this matter with your team?

11.    Following this contact, Five9 engaged in further discussions over Arlington's claims and attempts to license the Patents-in-Suit to Five9.

12.    On July 15, 2026, at Arlington's request, Five9 detailed in writing why its products did not infringe any valid claim of the Patents-in-Suit. On August 3, 2026, the parties spoke again by videoconference. During the August 3, 2026 call, Arlington maintained its assertions that Five9 infringes valid claims of the Patents-in-Suit and maintained its original demand that Five9 license the Patents-in-Suit or face litigation. Arlington noted that Five9's explanations did not "move the needle" from Arlington's original position, again threatened litigation on the Patents-in-Suit, and emphasized the "urgency" of the matter.

13.    Given Arlington's lawsuits against the Prior Defendants in the Prior Actions, Arlington's recent threats of further pursuing an infringement action against Five9 for allegedly infringing the Patents-in-Suit, and Arlington's business practice of suing companies that do not agree to Arlington's terms for a patent license, there exists a substantial controversy between Five9 and Arlington that involves adverse legal interests and is of sufficient immediacy and reality.

14.    Arlington's actions place a cloud of uncertainty on the commercial use of Five9's products; threaten Five9's business and relationships with its customers and partners; and create a

- 3 -

justiciable controversy between Five9 and Arlington.  Five9 thus brings this action to obtain a declaratory judgment that Five9 does not infringe any claim of the Patents-in-Suit, directly or indirectly, literally, or under the doctrine of equivalents.

**PARTIES**

15.    Five9, Inc. is a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business at 3001 Bishop Drive, Suite 350, San Ramon, California.

16.    Arlington Technologies LLC is a limited liability company organized and existing under the laws of Texas, with its principal place of business at 200 Crescent Court, Suite 1550, Dallas, TX 75201.

**JURISDICTION AND VENUE**

17.    This action arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and under the patent laws of the United States, Title 35 of the United States Code.

18.    The Court has subject matter jurisdiction over the claims alleged in this action under 28 U.S.C. §§ 1331, 1338(a), and 2201(a), because this action involves claims arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*  Jurisdiction is also proper under 8 U.S.C. § 1332 because Five9 and Arlington are citizens of different states and the value of the controversy exceeds $75,000.00.

19.    This Court can provide the declaratory relief sought because an actual case and controversy exists between the parties within the scope of this Court's jurisdiction pursuant to 28 U.S.C. § 2201. An actual case and controversy exists at least because Five9 does not infringe and has not infringed any claims of the Patents-in-Suit, and Arlington has made demands and accusations that Five9 infringes the Patents-in-Suit.

20.    A substantial part of the research and development of the Five9 products and services accused of infringement of the Patents-in-Suit in the Prior Actions as well as the business operations occurred in this District, where Five9 is headquartered.

21.    This Court has personal jurisdiction over Arlington because Arlington has engaged in actions in the Northern District of California that have established sufficient minimum contacts.

Further, the exercise of personal jurisdiction based on Arlington's contacts does not offend traditional notions of fairness and substantial justice.  For example, from 2025 through 2026, Arlington engaged in efforts to license its patent portfolio directed to Five9 and negotiations relating to it.  At all times during these communications and negotiations Five9's headquarters were located in the Northern District of California and Arlington directed is efforts and communications to Five9 representatives in this District.  Arlington thus purposefully directed its commercial, licensing, and enforcement activities surrounding its patent portfolio, including the Patents-in-Suit, at California, thereby subjecting itself to personal jurisdiction in this District.

22.     For the reasons stated herein, Arlington has created a real, live, immediate, and justiciable case or controversy between them and Five9 with regard to alleged infringement of the claims in the Patents-in-Suit.

23.     Venue in this District is proper under 28 U.S.C. §§ 1391(b) and (c) at least because Arlington is subject to personal jurisdiction in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

24.     An actual and justiciable controversy exists under 28 U.S.C. §§ 2201–2202 between Five9 and Arlington as to whether the claims in the Patents-in-Suit are infringed by Five9.

**INTRADISTRICT ASSIGNMENT**

25.     Pursuant to Civil L.R. 3-2(c) and 3-5(b), this is an Intellectual Property Rights Action subject to assignment on a district-wide basis.

**COUNT I:**

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '101 PATENT**

26.     Five9 repeats and realleges the preceding Paragraphs of this Complaint as if fully set forth herein.

27.     On information and belief, Arlington owns the '101 Patent and maintains significant rights over it.  (Ex. 1).

28.     Five9 denies that it infringes any valid and enforceable claim of the '101 Patent. Five9 does not directly or indirectly infringe, either literally or under the Doctrine of Equivalents, any claim of the '101 Patent because Five9 does not practice or include at least one limitation of

- 5 -

each claim (e.g., "receiving a first call set-up message for a first voice telephone call that has been forwarded from a first originally-called telephone number").

29.    Five9 has not, and does not, infringe any claims of the '101 Patent either directly, contributorily, or by inducement, literally or under the doctrine of equivalents. Five9 does not induce infringement of any claims of the '101 Patent for at least the reasons stated above with respect to no underlying direct infringement of the claims of the '101 Patent. Five9 does not contributorily infringe any claims of the '101 Patent for at least the reasons stated above with respect to no underlying direct infringement of the claims of the '101 Patent.

30.    A substantial, immediate, and real controversy exists between Five9 and Arlington regarding whether Five9 infringes the '101 Patent.  Absent a declaration that Five9 does not infringe the '101 Patent, Arlington will continue to wrongfully maintain that Five9 infringes the '101 Patent, thereby causing irreparable harm and injury.  A judicial declaration is thus appropriate and necessary to determine the parties' respective rights regarding the '101 Patent.

31.    Five9 seeks a judgment declaring that Five9 does not directly or indirectly infringe the '101 Patent.

## COUNT II:

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '492 PATENT

32.    Five9 repeats and realleges the preceding Paragraphs of this Complaint as if fully set forth herein.

33.    On information and belief, Arlington owns the '492 Patent and maintains significant rights over it.  (Ex. 2).

34.    Five9 denies that it infringes any claim of the '492 Patent.  Five9 does not directly or indirectly infringe, either literally or under the Doctrine of Equivalents, any claim of the '492 Patent because Five9 does not practice or include at least one limitation of each claim (e.g., "selecting, by a processor, a message").

35.    Five9 has not, and does not, infringe any claims of the '492 patent either directly, contributorily, or by inducement, literally or under the doctrine of equivalents. Five9 does not induce infringement of any claims of the '492 Patent for at least the reasons stated above with

respect to no underlying direct infringement of the claims of the '492 Patent. Five9 does not contributorily infringe any claims of the '492 Patent for at least the reasons stated above with respect to no underlying direct infringement of the claims of the '492 Patent.

36.    A substantial, immediate, and real controversy exists between Five9 and Arlington regarding whether Five9 infringes the '492 Patent.  Absent a declaration that Five9 does not infringe the '492 Patent, Arlington will continue to wrongfully maintain that Five9 infringes the '492 Patent, thereby causing irreparable harm and injury.  A judicial declaration is thus appropriate and necessary to determine the parties' respective rights regarding the '492 Patent.

37.    Five9 seeks a judgment declaring that Five9 does not directly or indirectly infringe the '492 Patent.

## COUNT III:

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '517 PATENT

38.    Five9 repeats and realleges the preceding Paragraphs of this Complaint as if fully set forth herein.

39.    On information and belief, Arlington owns the '517 Patent and maintains significant rights over it.  (Ex. 3).

40.    Five9 denies that it infringes any claim of the '517 Patent.  Five9 does not directly or indirectly infringe, either literally or under the Doctrine of Equivalents, any claim of the '517 Patent because Five9 does not practice or include at least one limitation of each claim (e.g., "generating, by the processor, at least one action item associated with at least one of the plurality of participants in response to detecting the predefined audio trigger").

41.    Five9 has not, and does not, infringe any claims of the '517 Patent either directly, contributorily, or by inducement, literally or under the doctrine of equivalents. Five9 does not induce infringement of any claims of the '517 Patent for at least the reasons stated above with respect to no underlying direct infringement of the claims of the '517 Patent. Five9 does not contributorily infringe any claims of the '517 Patent for at least the reasons stated above with respect to no underlying direct infringement of the claims of the '517 Patent.

42.    A substantial, immediate, and real controversy exists between Five9 and Arlington

regarding whether Five9 infringes the '517 Patent.  Absent a declaration that Five9 does not infringe the '517 Patent, Arlington will continue to wrongfully maintain that Five9 infringes the '517 Patent, thereby causing irreparable harm and injury.  A judicial declaration is thus appropriate and necessary to determine the parties' respective rights regarding the '517 Patent.

43.     Five9 seeks a judgment declaring that Five9 does not directly or indirectly infringe the '517 Patent.

**COUNT IV:**

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '819 PATENT**

44.     Five9 repeats and realleges the preceding Paragraphs of this Complaint as if fully set forth herein.

45.     On information and belief, Arlington owns the '819 Patent and maintains significant rights over it.  (Ex. 4).

46.     Five9 denies that it infringes any valid and enforceable claim of the '819 Patent. Five9 does not directly or indirectly infringe, either literally or under the Doctrine of Equivalents, any claim of the '819 Patent because Five9 does not practice or include at least one limitation of each claim (e.g., "receiving, during the recording of said telephony session or during a playback of said recording, an indication including parameters which identify a discrete segment of the recording as being of interest").

47.     Five9 has not, and does not, infringe any claims of the '819 Patent either directly, contributorily, or by inducement, literally or under the doctrine of equivalents. Five9 does not induce infringement of any claims of the '819 Patent for at least the reasons stated above with respect to no underlying direct infringement of the claims of the '819 Patent. Five9 does not contributorily infringe any claims of the '819 Patent for at least the reasons stated above with respect to no underlying direct infringement of the claims of the '819 Patent.

48.     A substantial, immediate, and real controversy exists between Five9 and Arlington regarding whether Five9 infringes the '819 Patent.  Absent a declaration that Five9 does not infringe the '819 Patent, Arlington will continue to wrongfully maintain that Five9 infringes the '819 Patent, thereby causing irreparable harm and injury.  A judicial declaration is thus appropriate and

necessary to determine the parties' respective rights regarding the '819 Patent.

49.    Five9 seeks a judgment declaring that Five9 does not directly or indirectly infringe the '819 Patent.

**COUNT V:**

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '834 PATENT**

50.    Five9 repeats and realleges the preceding Paragraphs of this Complaint as if fully set forth herein.

51.    On information and belief, Arlington owns the '834 Patent and maintains significant rights over it.  (Ex. 5).

52.    Five9 denies that it infringes any claim of the '834 Patent.  Five9 does not directly or indirectly infringe, either literally or under the Doctrine of Equivalents, any claim of the '834 Patent because Five9 does not practice or include at least one limitation of each claim (e.g., "defining an intended recipient for the event reminder message").

53.    Five9 has not, and does not, infringe any claims of the '834 Patent either directly, contributorily, or by inducement, literally or under the doctrine of equivalents. Five9 does not induce infringement of any claims of the '834 Patent for at least the reasons stated above with respect to no underlying direct infringement of the claims of the '834 Patent. Five9 does not contributorily infringe any claims of the '834 Patent for at least the reasons stated above with respect to no underlying direct infringement of the claims of the '834 Patent.

54.    A substantial, immediate, and real controversy exists between Five9 and Arlington regarding whether Five9 infringes the '834 Patent.  Absent a declaration that Five9 does not infringe the '834 Patent, Arlington will continue to wrongfully maintain that Five9 infringes the '834 Patent, thereby causing irreparable harm and injury.  A judicial declaration is thus appropriate and necessary to determine the parties' respective rights regarding the '834 Patent.

55.    Five9 seeks a judgment declaring that Five9 does not directly or indirectly infringe the '834 Patent.

**PRAYER FOR RELIEF**

WHEREFORE, Five9 respectfully requests that judgment be entered:

A.    Declaring that Five9 does not infringe, either directly, contributorily, or by inducement, any valid claim of the Patents-in-Suit;

B.    Declaring that judgment be entered in favor of Five9 and against Arlington on each of Five9's claims;

C.    Finding this to be an exceptional case under 35 U.S.C. § 285;

D.    Awarding Five9 its attorneys' fees and costs incurred in connection with this action; and

E.    Awarding Five9 any other remedy or relief that the Court deems just and proper.

## JURY DEMAND

Five9 hereby demands a trial by jury on all claims and issues so triable.


Dated: August 3, 2026                          JONES DAY


By: */s/ Michael C. Hendershot*
Michael C. Hendershot
CA Bar No. 211830
Eamon M. Heaney
CA Bar No. 360323
Matthew M. Everts
CA Bar No. 359377

JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94306
Phone: (650) 739-3940
Fax: (650) 739-3900
Email: mhendershot@jonesday.com
Email: eheaney@jonesday.com
Email: meverts@jonesday.com


*Attorneys for Plaintiff Five9, Inc.*